IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:14cr77-HSO-RHW
  CIVIL NO. 1:16cv164-HSO

CHRISTINA MILLER  DEFENDANT

## ORDER DENYING DEFENDANT CHRISTINA MILLER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE [246]

BEFORE THE COURT is Defendant Christina Miller's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [246] filed May 13, 2016. Having considered the Motion, the record, and relevant legal authority, the Court finds that the Motion is not well taken and should be denied.

I.  BACKGROUND

A.  Defendant's Guilty Plea

On November 5, 2014, a Grand Jury returned an eight-count Indictment [4] against Defendant Christina Miller ("Defendant") and others, with Defendant named only in Count One. Indictment [4] at 1-6. Count One charged Defendant with conspiracy "to possess with intent to distribute actual methamphetamine, a Schedule II narcotic drug controlled substance," in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. § 841(b)(1)(A). Indictment [4] at 1-2. On February 6, 2015, Defendant's counsel filed on her behalf a Notice of Intent to Change Plea [122]. Pursuant to a written Plea Agreement [130] and Plea Supplement *SEALED* [131]

entered into with the Government on February 18, 2015, Defendant pleaded guilty to Count One of the Indictment in exchange for, among other things, the Government's recommendation that she be sentenced to the "lower 25% of the applicable guideline range." Plea Suppl. *SEALED* [131] at 1.

The written Plea Agreement [130] and Plea Supplement *SEALED* [131] (collectively, the "Plea Agreement") detailed both Defendant's obligations and those of the Government. *See* Minute Entry, February 18, 2015. Pursuant to the Plea Agreement, Defendant expressly waived, with the exception of the right to raise ineffective assistance of counsel claims, "the right to appeal the conviction and sentence imposed in this case" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . ." Plea Agreement [31] at 4-5.

On May 6, 2015, the Court sentenced Defendant to a term of 120 months imprisonment. *See* Minute Entry, May 6, 2015; J. [168] at 2. The Court entered the Judgment of Conviction [168] on May 8, 2015. Defendant did not file a direct appeal.

B.   Defendant's 28 U.S.C. § 2255 Motion

On May 13, 2016, Defendant's § 2255 Motion [246] was received and filed into the Court record. Defendant avers that she executed the Motion and placed it into the prison mailing system on May 6, 2016. Mot. [1] at 13. Defendant alleges that: (1) her court-appointed attorney was ineffective in failing to show evidence that she

had no "input on the import of drugs" which resulted in her loss of "2 points for import," Mot. [1] at 4; (2) her sentence should be reduced because she was "less culpable" than her codefendants and her criminal conduct only amounted to "aberrant behavior," *id.* at 5; and (3) her sentence was improper under the "Guidelines" because it was "based on 'hear-say' and facts not admitted by myself or proven," *id.* at 7.

The Government filed its Response [248] on May 27, 2016, arguing that Defendant had waived her right to file a § 2255 Motion when she entered into the Plea Agreement. Resp. [248] at 1-4. Specifically, the Government points out in Paragraph 3 of its Response that Defendant waived certain rights.

> In the plea agreement entered into with the advice of counsel, Miller specifically waived her right to seek post-conviction relief in this case. As the agreement explicitly provides:
>
>> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights (except defendant reserves the right to raise ineffective assistance of counsel claims):
>>                    [. . .]
>>
>> b. ***the right to contest the conviction*** and sentence or the manner in which the sentence was imposed ***in any post-conviction proceeding***, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case . . . [.]

3

Docket Entry No. 130 ¶ 8 (emphasis added).

Resp. [248] at 1-2. The Government further maintains that Defendant has not shown ineffective assistance of counsel because her counsel did object to the two level enhancement for importation of drugs in her Response *SEALED* [162-2] to the Pre-Sentence Report *SEALED* [162], although the objection was ultimately overruled. Resp. *SEALED* [162-2] at 1-3. Finally, the Government contends that Defendant was sentenced to the mandatory minimum statutory sentence of 10 years, such that the two level enhancement for importation had no bearing on her sentence. Resp. [248] at 3. Defendant has not responded to the Government's Response or otherwise addressed the Government's arguments.

## II.  DISCUSSION

A.  Legal Standard

Once finally convicted, there are four narrow and separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting

4

*United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal and which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

"The validity of a guilty plea is a question of law . . . ." *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)). "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citation omitted). Therefore, "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Hernandez*, 234 F.3d at 255 (quoting *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000)).

Whether a guilty plea was "knowing" turns on whether a defendant understands the direct consequences of a plea, including the maximum possible penalty, while "voluntariness" of a plea depends on whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises. *Id.* at 255 n.3. "[A] plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentation, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Bousley*, 523 U.S. at

5

619 (quotation omitted). "To constitute an intelligent act, it must be done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (quotation omitted). The United States Supreme Court has "long held that a plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quotation omitted).

Defendant pleaded guilty to Count One of the Indictment on May 6, 2015, and the Judgment was entered May 8, 2015. No appeal was filed. After conviction and exhaustion, or waiver, of any right to appeal, it is presumed that Defendant stands fairly and finally convicted. *Samuels*, 59 F.3d at 528 (internal citation omitted).

B.  <u>Defendant's waiver of the right to assert claims under 28 U.S.C. § 2255 was entered into knowingly and voluntarily and is enforceable.</u>

Defendant does not assert that her guilty plea was not knowing and voluntary. Based upon a review of the record, the pleadings, and the relevant legal authority, the Court finds that with the exception of her ineffective assistance of counsel claims, Defendant's other claims in her Motion are barred because she waived the right to file a § 2255 Motion as a condition of her Plea Agreement, which Defendant and her counsel signed on February 18, 2015. Plea Agreement [130] at 1-6; Plea Supplement *SEALED* [131] at 1-4. The Plea Agreement provides that both Defendant and her counsel "declare" that Defendant had either read the Plea

Agreement or had it read to her, that it had been explained to her by her counsel, that Defendant understood it, and that Defendant voluntarily agreed to and accepted it.  Plea Agreement [31] at 1-6; Plea Suppl. *SEALED* [32] at 1-4.

> The Plea Agreement [31] clearly provided, in relevant part, that Defendant
>
> expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
>
> > a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> >
> > b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [130] at 4-5.

In her present § 2255 Motion, Defendant has not alleged that her waiver of the right to assert § 2255 claims was unknowing or involuntary, nor has she alleged ineffective assistance of counsel at the time she entered into the Plea Agreement. *See United States v. Hoctel*, 154 F.3d 506, 507 (5th Cir. 1998) (finding that defendant pointed to no evidence in the record that his explicit waiver included in the plea agreement and signed by defendant and his counsel, was not informed and voluntary).  To the extent Defendant alleges ineffective assistance of counsel, her claims pertain to her sentencing, not her guilty plea.  Based upon the § 2255 Motion, the record, and relevant legal authority, the Court finds that Defendant's

7

waiver of her right to assert claims under 28 U.S.C. § 2255, with the exception of ineffective assistance of counsel claims, was therefore knowing and voluntary and should be enforced.  Defendant's claims, other than her ineffective assistance of counsel claims, should be dismissed.

C. <u>Defendant's assertions that her sentence should be reduced predicated upon ineffective assistance of counsel at sentencing and that she was "less culpable" are not well taken.</u>

Defendant asserts that her counsel was ineffective at sentencing in that he failed to introduce evidence that she had no "input on the import of drugs" which resulted in her loss of "2 points for import." Mot. [1] at 4.; *see* U. S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2D1.1(b)(5) (increase of two levels if "the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully").

To demonstrate ineffective assistance of counsel, Defendant must show:  (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88.  "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).  "[M]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

8

When considering whether counsel provided ineffective assistance, the Court must presume that "counsel's conduct [fell] within the wide range of reasonable professional assistance[,]" and a defendant must overcome that presumption. *Strickland*, 466 U.S. at 689.  To demonstrate "prejudice" in the *Strickland* sense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.

In support of her argument that her sentence should be reduced, Defendant asserts that her attorney was ineffective in his failure to "show evidence" that she had no "input on the import of drugs" which resulted in her loss of "2 points for import."  Mot. [1] at 4.  The problem with Defendant's position is that her attorney did in fact object to the Pre-Sentence Report's characterization of her in Paragraph 106 as a "courier" and further objected to the facts contained in "Paragraphs 24 through 169 (with the exception of Paragraph 41, Paragraph 106 through 115, and Paragraphs 151-153)," on grounds that Defendant had no knowledge of the allegations contained therein, including the factual allegations that the methamphetamine was imported.  Objections *SEALED* [162-2] at 1-3; *see also* Addendum to Pre-Sentence Report *SEALED* [162-1] at 1-3.

Even if counsel had succeeded in having the objection to the two level enhancement sustained, Defendant's sentence would not have been reduced because she received the mandatory minimum statutory sentence of 120 months under 21 U.S.C. § 841(b)(1)(A) due to the quantity of drugs attributable to her.  *See* 21 U.S.C.

§ 841(b)(1)(A).  The same rationale applies to Defendant's argument that she was "less culpable" than her co-conspirators.  Defendant received the mandatory minimum statutory sentence as reflected in her Plea Agreement and in Count One.

The Court finds that Defendant cannot prevail on her ineffective assistance of counsel claims.  Moreover, Defendant waived the right to contest her sentence in the Plea Agreement.

D.  <u>Defendant's assertion that her sentence was improper under the Guidelines because it was "based on 'hear-say' and facts not admitted by myself or proven," Mot. [246] at 7, is not well taken based upon the waivers contained within the Plea Agreement.</u>

By entering into the Plea Agreement, Defendant knowingly waived her right to "trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant," Plea Agreement [130] at 4, and agreed and acknowledged "that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial," *id.* at 5.  As previously set forth by the Court, Defendant's counsel's objections to the "hearsay" statements against Defendant were not well taken.  Even if the Court had sustained the objections to the alleged hearsay statements, Defendant's sentence would not have been reduced because Defendant was sentenced to the mandatory minimum sentence for the crime to which she pleaded guilty.

III.  CONCLUSION

For the reasons set forth herein, the Court finds that Defendant Christina Miller's § 2255 Motion [246] should be denied.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Christina Miller's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [246] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of March, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE